UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANIEL D. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:07-CV-163 TS |
| | ) |
| FORT WAYNE POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Nathaniel D. Miller, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983 and a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**A.   Standard of Review**

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, —, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp.*, 127 S. Ct. at 1964–65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

2

**B.     Analysis**

Miller alleges that the Defendant police officers violated his Constitutional rights by subjecting him to an illegal search and seizure when, without a warrant or probable cause, they entered a friend's house where he was sleeping, searched the premises, and seized five handguns, marijuana, and a hydrocodone pill. He also alleges that he was hit in the face by a door when they entered the building. While Miller did not own, rent, or live at the searched residence, he was sleeping there with the consent of the owner. Based on this record, it is reasonable to infer that he had a reasonable expectation of privacy in the searched house and that his property, within the house, was searched. *See United States v. Bilanzich*, 771 F.2d 292, 296 (7th Cir. 1985) (stating that relevant inquiry is whether the claimant had "a reasonable expectation of privacy in the area searched"). "A reasonable expectation of privacy exists when: (1) the claimant exhibits an actual (subjective) expectation of privacy; and (2) the expectation is one that society is prepared to recognize as reasonable." *Doe v. Heck*, 327 F.3d 492, 511 (7th Cir. 2003).

Furthermore, although he might be incriminating himself to claim an ownership interest in some or all of the five handguns, the marijuana, and/or the hydrocodone pill, without such an interest in at least one of these things, he would lack standing to assert a claim for unlawful seizure. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights . . .." (quotation mark omitted)). Nevertheless, because it is a reasonable inference that he is asserting such an ownership interest, he may proceed with his Fourth Amendment claim for an unlawful search and seizure against Brian Martin, Kimberly Seiss, and Teresa Smith whom he alleges conducted the search and seizure.

Finally, he alleges that he was hit in the face by a door. This is an allegation of an excessive

3

use of force. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 497.

Here, Miller explains that he was sleeping on the couch, got up to investigate a noise, walked toward the door, and was hit by the door without warning when it was kicked open. Standing alone, these facts would not state a claim for an excessive use of force. But when combined with Miller's allegation that the entry itself was unlawful, the allegation of excessive force states a claim because any use of force to execute an unlawful entry is inherently unreasonable. Therefore he may proceed with his Fourth Amendment excessive force claim against Brian Martin, whom he alleges kicked the door.

In his Amended Complaint Miller did not include any allegations against the Fort Wayne Police Department, therefore it will be dismissed. For the foregoing reasons, the Court:

4

(1) **GRANTS** Nathaniel D. Miller leave to proceed against Brian Martin, Kimberly Seiss, and Teresa Smith in their individual capacities for monetary damages on his Fourth Amendment claim for an unlawful search and seizure;

(2) **GRANTS** Nathaniel D. Miller leave to proceed against Brian Martin in his individual capacity for monetary damages on his Fourth Amendment claim for an excessive use of force;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** the Fort Wayne Police Department;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Brian Martin, Kimberly Seiss, and Teresa Smith to the United States Marshals Service along with a copy of this order, a copy of the Amended Complaint (DE 5), and a copy of the more definite statement (DE 7);

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Brian Martin, Kimberly Seiss, and Teresa Smith; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Brian Martin, Kimberly Seiss, and Teresa Smith respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 18, 2007.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

5