UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATHANIEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.  1:07-CV-163 TS |
| v. | ) | |
| | ) | |
| BRIAN MARTIN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Nathaniel Miller, a *pro se* prisoner, filed a motion [Motion to Amend Pro Se Complaint, DE 19-1] to amend his complaint.

In his previous complaint and court-ordered more definite statement [DE 5, 7], the Plaintiff alleged that Defendant police officers Brian Martin, Kimberly Seiss, and Teresa Smith violated his Constitutional rights by subjecting him to an illegal search and seizure when, without a warrant or probable cause, they entered a friend's house where he was sleeping, searched the premises, and seized items. He also alleges that he was hit in the face by a door when they entered the building. While Miller did not own, rent, or live at the searched residence, he was sleeping there with the consent of the owner.

This Court screened the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, which states that a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. (DE 8.) As a result of the Court's review, the Plaintiff was allowed to proceed against Defendants Brian Martin, Kimberly Seiss, and Teresa Smith in their individual capacities for monetary damages on his Fourth Amendment claim for an

unlawful search and seizure. He was also allowed to pursue a claim for excessive force against Defendant Brian Martin. (DE 8 at 5.)

The Plaintiff moves to amend his complaint on the basis that he has obtained more accurate information about the events of which he complains, specifically the identity of the individuals involved in the search and seizure. He contends that Sgt. Thomas L. Strausborger, instead of Detective Brian Martin, was involved in the acts that violated his constitutional rights. Accordingly, the proposed amended complaint contains no mention of Brian Martin. Defendants Teresa Smith and Kimberly Seiss are still named. The allegations mirror those that the Plaintiff provided in his response to the Court's inquiries regarding the original complaint. Additionally, in the relief section of the proposed amended complaint, Miller declares: "I feel this incident was racially motivated." (DE 19-2 at 5). The Plaintiff's previous pleadings did not mention race.

No deadline to amend pleadings has been set. Although the Defendants have filed an answer, allowing the amendment will not be unduly prejudicial. Therefore, the Plaintiff is granted leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Because the replacement of Sgt. Strausborger for Defendant Martin did not change the substance of the Fourth Amendment allegations, the Court's analysis in its previous screening order is applicable to the proposed amended complaint. But the Court must still screen the new claim regarding race. The Fourteenth Amendment's guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity. *Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982). Although Miller expresses a belief that the defendant officers' actions were racially

motivated, the sole basis identified for this belief is his "feeling." He does not identify any facts which led to this conclusion. He does not allege membership in a protected group. Nor does he allege that similarly situated individuals who are not members of the group were treated differently. Nevertheless, giving him the benefit of the inferences to which he is entitled at the pleading stage of his § 1983 suit, he states a claim that the officers' actions violated his Fourteenth Amendment right to equal protection because he has provided fair notice of what the claim is (unequal treatment by state actors) and the grounds upon which it rests (the search was motivated by his race).

Therefore, the Court:

(1) **GRANTS** the Motion [DE 19] to amend the complaint;

(2) **DIRECTS** the Clerk of the Court to file the amended complaint [DE 19-2];

(3) **GRANTS** Nathaniel D. Miller leave to proceed against Sgt. Thomas Strausborger, Kimberly Seiss, and Teresa Smith in their individual capacities for monetary damages on his Fourth Amendment claim for an unlawful search;

(4) **GRANTS** Nathaniel D. Miller leave to proceed against Sgt. Thomas Strausborger, Kimberly Seiss, and Teresa Smith in their individual capacities for monetary damages on his Fourteenth Amendment claim the Defendants violated his right to equal protection;

(5) **GRANTS** Nathaniel D. Miller leave to proceed against Sgt. Thomas Strausborger in his individual capacity for monetary damages on his Fourth Amendment claim for an excessive use of force;

(6) **DISMISSES** Defendant Brian Martin;

(7) **DISMISSES** all other claims;

3

(8) **DIRECTS** the Clerk of the Court to transmit the summons and USM-285 for Sgt. Thomas Strausborger to the United States Marshals Service along with a copy of this order and a copy of the amended complaint [DE 19-1];

(9) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Thomas Strausborger; and

(10) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Thomas Strausborger, Kimberly Seiss, and Teresa Smith respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 4, 2008.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT