# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NATHANIEL D. MILLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:07-CV-163 TS |
| | ) |
| KIMBERLY SEISS, | ) |
| TERESA SMITH, and THOMAS | ) |
| STRAUSBORGER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Nathaniel D. Miller's Motion to Amend [DE 75], filed on October 13, 2009. The Plaintiff seeks to amend his complaint to add a new defendant.

## BACKGROUND

On July 10, 2007, the Plaintiff filed his Complaint against the Fort Wayne Police Department and three of its detectives. On August 13, the Plaintiff filed an Amended Complaint in response to the Court's order to cure deficiencies. On August 30, the Court ordered the Plaintiff to file a more definite statement with regard to his Amended Complaint. On June 24, 2008, the Defendants filed their Answer. Shortly thereafter, on July 7, the Plaintiff moved to amend his complaint on grounds that he had obtained more accurate information about the events of which he complained, specifically the identity of the individuals involved in the purportedly unlawful search and seizure that occurred on April 3, 2007. The Court granted the Plaintiff leave to amend his complaint, and the Defendants filed their answer to the Amended

Complaint.    Since the filing of the Amended Complaint, discovery has closed (February 15, 2009) and the Defendants have moved for summary judgment (July 31, 2009). The Motion for Summary Judgment became fully briefed on October 15, 2009. On October 13, the Plaintiff moved to amend his Amended Complaint to add Officer Darrick Engelman as a defendant because he "did participate in the entry on April 3, 2007," and "did search plaintiff Miller's apartment without a warrant or valid consent." (Pl.'s Motion ¶¶ 1, 3, DE 75.)

On October 19, the Defendants filed a Response to Plaintiff's Motion to Amend Complaint [DE 80]. The Defendants urge the Court to deny the Plaintiff's Motion on grounds that the statute of limitations for his claim has expired.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave" to amend a pleading "when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, while leave to amend should be freely given when justice so requires, a court should not allow a plaintiff to amend his complaint when to do so would be futile. *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (denying amendments that would not have withstood a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted).

# ANALYSIS

## A. Futility of the Amendment

### 1. *Statute of Limitations*

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is determined by the statute of limitations for personal injury actions in the state where the incident occurred. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Here, the Plaintiff claims that officers conducted an illegal search and seizure of his Indiana residence on April 3, 2007. Thus, any claim arising out of the search had to be filed by April 3, 2009, within Indiana's two-year statute of limitations for personal injuries. *See id.* (applying two-year statute of limitations from Indiana Code § 34-11-2-4 to the plaintiff's § 1983 claim). The Plaintiff filed his original complaint on July 10, 2007, well within the limitations period. However, he did not move to add Officer Engelman as a Defendant until October 13, 2009. Thus, the amended pleading is time-barred and futile unless, pursuant to Federal Rule of Civil Procedure 15(c), it "relates back" to his earlier, timely-filed complaint.

### 2. *Relation Back*

Federal Rule of Civil Procedure 15(c) governs when an amendment to a pleading "relates back to the date of the original pleading." It provides for relation back when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

3

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Where the amendment changes the party against whom a claim is asserted, as the Plaintiff's proposed amendment does here, Rule 15(c)(1)(C) applies. It provides that if Rule 15(c)(1)(B) is satisfied and, if within the period provided by Rule 4(m) for serving of summons, the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits, and the party knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity, a new party may be brought into the case and the amendment will relate back to the original complaint. *See* Rule 15(c)(1)(C)(i) and (ii). The Rule is not satisfied here because not knowing a defendant's name is not a "mistake" under Rule 15(c)(1)(C). *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1256, 1257 (7th Cir. 1993) (holding that because the plaintiff's failure to name the defendants "was due to a lack of knowledge as to their identity, and not a mistake in their names," he was "prevented from availing himself of the relation back doctrine of Rule 15(c)"). In other words, relation back does not apply "when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party." *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998); *see also King*, 201 F.3d at 914 (denying amended complaint on grounds of futility where amendment was filed after expiration of state of limitations and simple lack of knowledge of proper party did not support relation back). Because the Plaintiff is attempting to amend his complaint to add a party after the expiration of the statute of limitations because he did not know the identity of that defendant,

relation back is not appropriate under Rule 15(c)(1)(C).

However, the inquiry does not end here. Amended pleading can still relate back under Rule 15(c)(1)(A) if such relation back is permitted by the state law that provides the applicable statute of limitations. "The rationale is that if the state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'" *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001) (quoting Fed. R. Civ. P. 15(c)(1), commentary to the 1991 Amendment). Indiana law is not more forgiving than federal law in this regard. *See* Ind. Trial Rule 15(C); *Porter County Sheriff Dept. v. Guzorek*, 857 N.E.2d 363, 368 (Ind. 2006) ("[I]n order for an amendment of a complaint to relate back under Trial Rule 15(C), no later than 120 days after the complaint is filed a defendant must receive notice of the pendency of the action and be aware that, but for a mistake, that defendant would have been named in the original complaint.")[1]; *Crossroads Serv. Ctr., Inc. v. Coley*, 842 N.E.2d 822, 825 (Ind. Ct. App. 2005) ("because the Indiana Trial Rules are based on the federal rules, it is appropriate to look to federal decisions for guidance in determining the outcome of this case.").

---

[1] There is some question whether the *Guzorek* opinion construed the "mistake" requirement more favorably than federal law. *See Guzorek*, 857 N.E.2d at 373 (C.J. Shepard, dissenting). However, because *Guzorkek* dealt with the situation where the plaintiff made a legal mistake and sued an immune entity instead of the individual employee, 857 N.E.2d at 372–73, its facts are distinguishable from those presented here. Although the Indiana court stated that mistake is not limited to misnomers and "does not isolate a specific type or form of error identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than deliberate strategy" *id.* at 371, there is no indication that Officer Engelman (assuming he had notice of the suit) would have had reason to believe that the Plaintiff's failure to name him as a Defendant was not intentional. Thus, even under Indiana law, the Plaintiff's attempt to add Officer Engelman would not relate back to the filing of the original complaint.

### B. Undue Delay

A court may also deny leave to amend where there has been undue delay, *see Foman*, 371 U.S. at 182, and, even if the Plaintiff's amendment was timely, the Court would deny it on the basis of undue delay. The only explanation the Plaintiff provides for attempting to add a defendant at this late stage of the litigation is that the "interrogatories from the defendants give conflicting testimony with each other and the plaintiff. Officer Engelman was present and his testimony will draw a clearer picture as to what happened on April 3, 2007." (Pl.'s Motion ¶ 2.) However, the Defendants responded to the Plaintiff's interrogatories on March 20, 2009 [DE 42]. The Plaintiff provides no valid reason for waiting seven months after receiving the interrogatory answers, or waiting until briefing was nearly completed on the Defendants' Motion for Summary Judgment, to move to amend his pleadings. Moreover, the Plaintiff was given five months to conduct discovery and uncover any new defendants. Naming a new defendant at this stage of the litigation would require additional discovery and refiling of dispositive motions. This undue delay in the proceedings is a sufficient basis upon which to deny the Plaintiff's Motion.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend [DE 75] is DENIED.

SO ORDERED on November 10, 2009.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT