# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATHANIEL D. MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 1:07-CV-163-TS |
| | ) | (consolidated with Cause No.: 1:07-CV-302-TS) |
| KIMBERLY SEISS, | ) | |
| TERESA SMITH, and THOMAS | ) | |
| STRAUSBORGER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Proceed In Forma Pauperis on Appeal [DE 97], filed on March 1, 2010. The Defendant seeks permission to appeal this Court's January 25, 2010, Order without prepayment of fees and costs. This Court previously granted the Plaintiff permission to proceed in forma pauperis in the district court proceedings. (July 16, 2007, Order, DE 3.) Federal Rule of Appellate Procedure 24 provides:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3); *see also* 18 U.S.C. § 1915(a)(3) (providing that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith). To find that an appeal is taken in good faith, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Applying this standard, the Court concludes that the Plaintiff's appeal is not taken in good

faith, and denies his request for pauper status.

The Plaintiff sued the Defendant police officers under 42 U.S.C. § 1983, claiming that they committed an unlawful search and seizure and used excessive force in connection with the search of a residence where he was living. The Court granted summary judgment for the Defendants on all the Plaintiff's claims. In his Notice of Appeal [DE 96], the Plaintiff identifies five issues for appeal.

### A.     First and Second Issues

The first issue relates to the Court's purported reliance on uncertified or unauthenticated documents to decide the motion for summary judgment. In the second issue, the Plaintiff asserts that the Court's Order contravened the Fourth Amendment's protection against warrantless searches and arrests. Both of these issues relate to the judicially-issued search warrant that the Defendants designated as evidence in support of their motion for summary judgment. The Plaintiff attacked the admissibility of the warrant and the search warrant affidavit, arguing that they were hearsay and did not show a sufficient indicia of reliability. As the Court noted in its Order, the existence of a search warrant for the residence extinguished the Plaintiff's Fourth Amendment claim, which was based on his assertion that the search had been conducted without any such warrant being issued. Therefore, the warrant was not being used to establish the truth of the matters asserted in it and hearsay was not implicated. Additionally, three detectives submitted sworn affidavits detailing their roles in investigating drug trafficking at the residence, obtaining the search warrant, and executing the warrant, thus providing independent admissible evidence demonstrating the existence of the search warrant. As for the search warrant affidavit, it

was subscribed and sworn before an Allen Superior Court judge and the deputy prosecuting attorney, signed by Detective Smith, based on her personal knowledge, and set forth facts that would be admissible in evidence. Accordingly, the Court found that it met the requirements of Rule 56(e). The Plaintiff's challenge to the admissibility of these documents is not a close call. The absence of a meritorious claim to challenge the existence of a search warrant renders untenable his claim that the Court's Order contravened Fourth Amendment law regarding the necessity of a search warrant.

**B.  Third Issue**

The third issue that the Plaintiff identifies for appeal is "whether the district court misconstrued the applicable law. When probable cause has not been determined by a neutral and detached magistrate, probable cause has not been established, thus the Fifth Amendment protects a citizens right not to be subjected to improper interrogation." (Notice of Appeal 2–3.) The Plaintiff appears to be challenging the Court's dismissal of both his false arrest claim and his Fifth Amendment claim that he was subject to interrogation before receiving *Miranda* warnings. Upon review of the summary judgment submissions, the Court concluded that the evidence known to the police when they applied for the warrant, and the additional evidence of drug trafficking that they discovered during the execution of the search warrant, gave them probable cause to arrest the Plaintiff. The Plaintiff's only defense to this finding was that the police did not have a warrant for his arrest or witness him commit a criminal act. Because the Plaintiff did not present any evidence to suggest that the police acted outside their authority to arrest a resident whom they had probable cause to believe had committed a crime, and who was found

within the permissible scope of a search conducted pursuant to a valid search warrant, *see Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005), and because the existence of probable cause for an arrest is an absolute bar to a § 1983 claim for unlawful arrest, *Montano v. City of Chi.*, 535 F.3d 558, 568 (7th Cir. 2008), the Plaintiff could not proceed to a jury on his false arrest claim and his appeal is without merit. As to the Fifth Amendment claim, the Court found that the Plaintiff's vague and conclusory remarks in his affidavit were not sufficient to refute, and did not actually contradict, the detective's detailed affidavit statement that the Plaintiff made particular incriminating statements before detectives even questioned him. Because incriminating statements that the Plaintiff made to police before any questioning occurred were not made in response to an interrogation, there were no issues of fact for a jury to determine. The Plaintiff's appeal of the Court's finding that he was not subject to an improper interrogation is lacking in legal merit.

**C.      Fourth Issue**

The fourth issue for appeal identified by the Plaintiff is whether the district court abused its discretion by denying his motion to amend the complaint. After briefing on summary judgment was completed, the Plaintiff requested leave to add another police officer as a defendant who was responsible for the injuries he suffered during the search of his residence. The Plaintiff asserted that this officer was not named earlier because of a mistake in his identity. The Court denied the Plaintiff's request because it would have been futile to add a defendant to answer to claims that had not survived a motion for summary judgment. The Court also cited undue delay as an independent reason to disallow the amendment. The Plaintiff's argument that

the amendment should have been allowed because there was an "identify of interest" is not a meritorious argument.

**D.     Fifth Issue**

The Plaintiff argued that summary judgment was not appropriate because one of the Defendants submitted a false affidavit for probable cause after he was arrested. However, the Plaintiff did not present specific facts that would allow a reasonable jury to conclude that false statements in the probable cause affidavit were necessary to the judicial officers' determination that probable cause existed to arrest him for dealing narcotics and for possessing marijuana. Issue five presented in the Plaintiff's Notice of Appeal ignores the undisputed facts that supported probable cause: two controlled purchases, drugs and paraphernalia found at the residence where the search warrant was executed, pieces of mail addressed to the Plaintiff at that residence, and the Plaintiff's presence at the residence were sufficient evidence contained in the probable cause affidavit to cause a judicial officer to reasonably believe that the Plaintiff had committed, and was committing, an offense. Thus, his appeal to challenge purported "perjured statements" contained in the probable cause affidavit is without merit.

**CONCLUSION**

Because the Plaintiff's appeal does not present any questions for review that are reasonably arguable on their merits, the Court certifies that the appeal is not taken in good faith, and DENIES the Plaintiff's Motion to Proceed in Forma Pauperis on Appeal [DE 97]. The Clerk is directed to provide notice as required by Federal Rule of Appellate Procedure 24(a)(4). The

Plaintiff has thirty days from the date of receiving such notice in which to ask the court of appeals to allow him to proceed in forma pauperis. Fed. R. App. P. 24(a)(5).

SO ORDERED on March 10, 2010.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION